IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| **LUCIA MARTINEZ, an individual,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV - _____ |
| ) | |
| **MARIA MANZANO, an individual,** ) | **JURY TRIAL DEMANDED** |
| **d/b/a LA TIA PAISA TACO SHOP,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq.* ("Fair Labor Standards Act" or "FLSA"). The Plaintiff seeks payment for unpaid wages, overtime worked, and liquidated damages that she was deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

### PARTIES, JURISDICTION & VENUE

1. Plaintiff **Lucia Martinez** ("Martinez") is over the age of nineteen (19), and is a resident and citizen of Jefferson County, Alabama. Martinez is a former employee of the Defendants.

2. Defendants' properties, business, business entities, and agents are collectively referred to as the "Enterprise".

1

3. During all times relevant to this Complaint, the Plaintiff was an hourly employee of the Defendant and was subject to the full protection of the Fair Labor Standards Act and was not exempt from its coverage and/or protection.

4. Defendant **Maria Manzano** ("Manzano") is an individual who is over the age of nineteen (19) and is a resident and citizen of Shelby County, Alabama. Manzano owns, controls, operates, and/or manages **La Tia Paisa Taco Shop** ("La Tia"). Manzano operates La Tia as a sole proprietorship in the State of Alabama. Manzano d/b/a La Tia employed the Plaintiff to labor for its benefit in this judicial district.

5. Defendant La Tia is a d/b/a owned and operated by Defendant Manzano.

6. Defendant La Tia and Defendant Manzano are collectively referred throughout this complaint as "Defendants".

7. La Tia and Manzano issued payroll checks to the Plaintiff.

8. La Tia lists its address as 406 West Valley Avenue Homewood, Alabama 35209.

9. Manzano is liable to the Plaintiff pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing, controlling, managing, and supervising Plaintiff's schedule, pay, and work.

10. Manzano owns, controls, operates and/or manages the named business Defendant and/or the Enterprise.

11. Manzano is responsible and has oversight for implementing pay rates and the procedures for paying overtime to employees.

12. Manzano, being the owner, member, director, officer and/or manager has actual and/or constructive knowledge of the employees, like the Plaintiff, who do not get paid overtime.

13. Manzano is liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing, controlling, managing, and supervising Plaintiff's schedule, pay, and work.

14. Manzano, being the owner, member, director, officer and/or manager, conspired with and had control over supervisors, bookkeepers, accountants, and others who conspired in the scheme.

15. Defendants are engaged in the business of food preparation and food service located in Jefferson County, Alabama and are engaged in interstate commerce for the purposes of the FLSA.

16. Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not otherwise exempt from the requirements of this Act.

17. Original jurisdiction is conferred upon this Court by 29 U.S.C. section 216(b) of the Fair Labor Standards Act, by 28 U.S.C. section 1331, this action arising under laws of the United States, and by 28 U.S.C. section 1337, this action arising under Acts of Congress regulating commerce.

18. Venue in this Court is proper pursuant to 28 U.S.C. section 1391(b).

19. The cause of action set forth in this Complaint arose in, and a substantial portion of the acts and omission leading up to this litigation occurred in this District.

## **FACTUAL ALLEGATIONS**

20. Plaintiff Martinez was employed by the Defendants.

21. Plaintiff worked for Defendants from on or about June 2019 to August 23, 2021.

22. The Plaintiff was employed as a cook, tasked with receiving food orders from vendors, preparing food, interacting with customers, servicing food, and general cleaning duties.

23. For Plaintiff's employment, the Defendants provided all the tools, equipment, and materials necessary for the Plaintiff to perform his work.

24. Defendants provided instructions, directions, training, and supervision to the Plaintiff.

25. Defendants and Plaintiff are engaged in interstate commerce for the purposes of both enterprise and individual coverage under the FLSA. To wit: Defendants had deliveries of seafood out of Atlanta, Georgia which their employees regularly signed for and interacted with the deliverymen, and Defendant had deliveries from beer and alcohol distributors. Defendants and employees had transactions which affect interstate commerce. Defendants and employees use electronic mail, the United States Postal Service, the banking industry, telephone, credit card machines and other services, technology and/or agencies, affecting commerce.

26. Defendants and Plaintiff regularly engaged in the production of goods for commerce for the purposes of individual coverage under the FLSA. To wit: Defendants and Plaintiff regularly received out of state deliveries and created various dishes to be served in the restaurant for a wide-ranging customer base.

27. In the alternative, Defendants, either individually or collectively, gross over five-hundred thousand dollars ($500,000) in revenue each year, during the covered period and employees regularly handled, sold, or otherwise worked on goods or materials that have moved in or produced for commerce for the purposes of enterprise coverage under the FLSA.

28. The Defendants performed the Enterprise related activities through common control by a person or persons for a common business purpose. In the alternative, the Defendants performed the Enterprise related activities through unified operation. Or both.

29. Manzano, as the owner of all Enterprise related entities, controlled the related activities through that network.

30. This common business purpose – through common control and/or unified operation – by the Defendants is illustrated in the manner of Plaintiff's work through the wide variety of duties Manzano assigned to Martinez such as cooking, cleaning, and overseeing supply deliveries.

31. The Plaintiff was typically required to work more than seventy (70) hours per week.

32. The Plaintiff never received paid time off ("PTO") or benefits.

33. Defendants did not keep records of the Plaintiff's hours worked.

34. Plaintiff's weekly overtime varied week to week.

35. Plaintiff normally worked six (6) days a week with her off day on Wednesday.

36. Plaintiff normally began work at 8:00 a.m.

37. Plaintiff ended her employment with Defendants on or about August 24, 2021.

38. Defendants paid Plaintiff until on or about August 24, 2021.

39. Plaintiff is not exempt from the overtime requirements of the Fair Labor Standards Act.

40. Defendants never paid overtime -or time-and-a-half for every hour over 40 hours in a workweek- to the Plaintiff.

## THE SCHEME

41. Plaintiff earned twelve dollars ($12.00) per hour from June 2019 until April 2021 and sixteen dollars ($16.00) per hour from May 2021 to August 2021. At one point, the Plaintiff received a raise to thirteen dollars ($13.00) an hour. She was generally paid on Tuesdays, prior to 2020 she was paid on Sundays.

42. Plaintiff's paychecks consisted of one-week periods.

43. At times, Plaintiff was paid partially by check and partially with cash.

44. Plaintiff was either paid with cash from June 2019 until July 2021, after that she was paid by a check.

45. Defendants' scheme of failing to provide proper accounting of hours worked to the Plaintiff, failing to pay PTO, and paying the Plaintiff with cash, establishes that the violations of the FLSA were willful.

46. Defendants have extensive business knowledge that made them aware of their obligations to pay overtime.

47. Defendants are aware of other similar obligations and requirements under the law, i.e., duty to pay taxes, duty to obtain state, county, and city licenses to operate their business, duty to carry insurance, etc.

48. Defendants have a duty to maintain records under 29 U.S.C. section 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate her damages in this case.

49. Defendants did not use a time clock to keep up with the Plaintiff's worked hours.

## COUNT ONE
## (VIOLATIONS OF THE FAIR LABOR STANDARDS ACT)

50. Plaintiff adopts and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51. Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked above forty (40) in a work week.

52. Defendants failed to properly document and keep all worked hours by the Plaintiff.

53. Defendants' failure to comply with the law was willful.

54. Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. section 207.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff requests this Court enter judgment in favor of Plaintiff and against the Defendants for the following relief:

a. All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' violations of her rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b); and,

b. A finding that Defendants willfully violated the Fair Labor Standards Act.

c. All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b).

PLAINTIFF DEMANDS A TRIAL BY JURY

**Dated: November 11, 2021.**

Respectfully Submitted,

*/s/ Freddy Rubio*
Freddy Rubio (ASB-5403-d62r)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7853
e. frubio@rubiofirm.com

*/s/ Jason L. Yearout*
Jason L. Yearout (ASB-4487-t80j)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

**THE PLAINTIFF WILL SERVE THE DEFENDANTS BY PROCESS SERVER**

| **Maria Manzano** **d/b/a/ La Tia Paisa Taco Shop** 406 West Valley Ave. Homewood, AL 35209 | **Maria Manzano** **d/b/a/ La Tia Paisa Taco Shop** 357 Highway 260 Maylene, AL 35114 |
|---|---|